## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT MCFADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01046-SEP |
| | ) | |
| WILLIAM STANGE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

### <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner Vincent McFadden's ("Petitioner") Motion for Leave to Proceed In Forma Pauperis, Doc. [1], and Motion for Appointment of Counsel in a Capital Habeas Corpus Action, Doc. [2]. For the reasons discussed below, the Motion for Leave to Proceed In Forma Pauperis will be granted, and the Motion for Appointment of Counsel will be granted in part.

### Background

Petitioner was convicted of first-degree murder and armed criminal action in the Circuit Court of St. Louis County, Missouri. He was sentenced to death. On appeal, the Missouri Supreme Court affirmed Petitioner's conviction and sentence. *State v. McFadden*, 369 S.W.3d 727 (Mo. 2012). Petitioner's motion for post-conviction relief in the circuit court was denied. The Missouri Supreme Court affirmed the denial of post-conviction relief on April 14, 2020. *McFadden v. State*, 2020 WL 1861425 (Mo. 2020). On June 30, 2020, the Missouri Supreme Court denied Petitioner's petition for rehearing.

---

[1] Doc. [1] spells Respondent's last name "Strange," and the docket reflects that spelling. Doc. [2] uses the correct spelling, which is "Stange." The spelling of Respondent's name has been corrected in the caption here, and the Clerk of Court is directed to correct it on the docket as well.

On August 10, 2020, Petitioner filed a Motion for Leave to Proceed In Forma Pauperis, Doc. [1], and Motion for Appointment of Counsel in a Capital Habeas Corpus Action, Doc. [2]. Petitioner intends to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a Motion for Leave to Proceed In Forma Pauperis, as well as a supporting affidavit. Doc. [1]. In the Motion, Petitioner notes that he has at all times proceeded as an indigent person in state court. He was also declared indigent by the United States District Court for the Eastern District of Missouri in a separate case. *See McFadden v. Stange*, No. 4:18-cv-1559-AGF (E.D. Mo. Sept. 21, 2018). Having reviewed the Motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1).

### Motion for Appointment of Counsel

Petitioner has also filed a Motion for Appointment of Counsel in a Capital Habeas Corpus Action. Doc. [2]. The Motion seeks the appointment of the Missouri Capital Habeas Unit based in the office of the Federal Public Defender for the Western District of Missouri ("MO-CHU"). In the Motion, Petitioner notes that all attorneys of the MO-CHU meet the appointment criteria of 18 U.S.C. §§ 3599(c) or (d). Furthermore, the MO-CHU was previously appointed to represent Petitioner in *McFadden v. Stange*, No. 4:18-cv-1559 (E.D. Mo. Sept. 21, 2018). The Motion also seeks the appointment of the Federal Public Defender's Office for the Eastern District of Arkansas Capital Habeas Unit ("ARK-CHU"). To support this request, Petitioner states that the ARK-CHU was also previously appointed to represent him in *McFadden v. Stange*, No. 4:18-cv-1559-AGF (E.D. Mo. Jan. 2, 2019).

In short, Petitioner wishes to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state convictions and sentence. Consequently, Petitioner is seeking appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994) and 18 U.S.C. § 3599(a)(2).  Section 3599 provides, in relevant part:

> In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f) [relating to conditions of appointment].

18 U.S.C. § 3599(a)(2).[2]

In *McFarland*, the United States Supreme Court construed this statutory right to counsel to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition and held that "a 'post-conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding."  *McFarland*, 512 U.S. at 856–57.  Accordingly, once a capital defendant files a motion requesting appointment of counsel, as Petitioner has done in this case, he is granted "a mandatory right to qualified legal counsel."  *Id.* at 854.  This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims."  *Id.* at 858.  The Supreme Court cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is

---

[2]     Section 620.10.20 in the Guide to Judiciary Policy, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations, relates to the appointment of counsel in death penalty habeas proceedings. It states: (1) Under 18 U.S.C. § 3599(a)(2) a financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or § 2255 is entitled to appointment of one or more qualified attorneys. (2) Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys.

decided on the merits would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)).

Here, because the Court concludes that Petitioner is indigent, and that the MO-CHU has demonstrated that it possesses special expertise in capital jurisprudence and thereby qualifies for appointment as learned counsel in this capital habeas petition under the standards set forth in 18 U.S.C. § 3599(a)(2), the Court will grant Petitioner's motion for the appointment of the MO-CHU as counsel.

The Court, however, will not grant Petitioner's request to appoint the ARK-CHU at this time.  Specifically, the Court notes that Petitioner's motion to appoint counsel contains no indication that the MO-CHU has obtained permission through the proper out-of-district protocol to use the ARK-CHU in this action as secondary counsel.  In order to be appointed as counsel, the ARK-CHU will have to submit a separate motion for appointment of counsel in this action once they have received approval through the out-of-district protocol.

### Scheduling Order

A separate scheduling order will accompany this Memorandum and Order so that Petitioner's counsel may properly utilize their time to investigate, research, prepare, and file his federal petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed In Forma Pauperis, Doc. [1], is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel in a Capital Habeas Corpus Action, Doc. [2], is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office for the Western District of Missouri Capital Habeas Unit is **APPOINTED** to represent Petitioner in this action.

**IT IS FURTHER ORDERED** that upon receiving permission to appear in this action pursuant to the out-of-district protocol, the Federal Public Defender's Office for the Eastern District of Arkansas Capital Habeas Unit shall move separately for appointment of counsel on behalf of Petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to change the spelling of Respondent's last name from "Strange," which is currently reflected on the docket, to the proper spelling of "Stange."

**IT IS FINALLY ORDERED** that simultaneously with this Memorandum and Order, the Court shall issue a separate Initial Scheduling Order in this Capital Habeas Action.

Dated this 24th day of August, 2020.

_Sarah E. Pitlyk_

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE